UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Daniel Mager

    v.                            Civil No. 04-cv-302-JD

Mary Hitchcock Memorial Hospital


O R D E R

     Daniel Mager has moved in limine to exclude two of the defendant's designated expert witnesses, Drs. Gerald Gordon and Wayne Glazier, from testifying at the upcoming trial of his medical malpractice claim.  The defendant, Mary Hitchcock Memorial Hospital, objects.  The court notes at the outset that, in violation of Local Rule 7.1(a)(2), Mager's motion is accompanied by neither a memorandum of law nor a statement explaining why none is necessary.  The court has nevertheless considered the motion to the extent possible based on the limited discussion set forth in the body of the document itself.

     Mager alleges that, following his admission to the hospital for back surgery in January 2004, he was subjected to "a number of urinary catherizations or attempted catherizations" which "were performed negligently and unskillfully, so as to cause severe injury and damage to [his] urethra."  Am. Compl. ¶ 6. In particular, Mager claims to have suffered "completely obliterated urethral structure . . . ."  Id. ¶ 9.  According to Mager, the hospital wants Jordan and Glazer to testify that he "had a

preexisting wide caliber stricture of the urethra that was somehow caused to develop into the obliterated urethra" and that "because [he] had a possibility or suggestion of a bladder infection in 1995 and epididymitis in 1999, this is scientific or medical evidence of a pre-existing stricture in the urethra." Mot. at [3].  Mager argues that these opinions lack support in his medical records, which do not contain evidence of a preexisting urethral stricture, and that the hospital "has not identified any specific medical literature or study to support these theories."  Id.

The hospital rejoins that Mager has misconstrued the opinions of its experts, which it characterizes as follows: Mager's "injuries are more probably than not the result of the aggravation of a previously asymptomatic, pre-existing stricture by the catherizations performed within the standard of care, and not the result of medical negligence."  Mem. Law Obj. Mot. Limine at 5.  This characterization squares with the expert reports submitted with the hospital's objection (and omitted from Mager's motion itself).  Essentially, then, the hospital intends to present testimony from Jordan and Glazier that Mager's injuries did not result from the hospital's negligence.  Under New Hampshire law, a defendant in a medical malpractice case may present expert testimony that its alleged negligence did not cause the plaintiff's injuries in the form of opinions as to other possible causes.  Wilder v. Eberhart, 977 F.2d 673, 676-77

(1st Cir. 1992).  "These other possible causes need not be proved with certainty or more probably than not."  Id. at 676.

Even when taken at face value, then, Mager's criticisms of Jordan's and Glazier's opinions would not make those opinions inadmissible as tending to show other possible causes of Mager's obliterated urethra.[1]  Mager will have the opportunity to explore these criticisms through cross-examination of the hospital's experts.  In any event, Mager's motion is utterly unsupported by reference to the experts' disclosed opinions, their depositions, or other evidentiary materials.  The motion (document no. 19) is therefore DENIED.

   SO ORDERED.

                                        _____
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

April 20, 2006

cc:  David P. Angueira, Esquire
     Alan L. Cantor, Esquire
     Charles A. Donahue, Esquire
     David Miles Gould, Esquire
     Emily G. Rice, Esquire
     Edward M. Swartz, Esquire

---

[1] With its objection, the hospital has submitted medical literature supporting an association between a bladder infection or epididymitis and urethral stricture.